[Crim. No. 2037. Second Appellate District, Division Two.—December 22, 1930.]

In the Matter of the Application of LESTER E. NOR-QUIST for a Writ of Habeas Corpus.

William M. Morse, Jr., and S. A. Shoop for Petitioner.

Buron Fitts, District Attorney, and Tracy Chatfield Becker, Deputy District Attorney, for Respondent.

WORKS, P. J.—Petitioner is in the custody of the sheriff of Los Angeles County after requisition upon the Governor of this state by the Governor of Colorado for the extradition

of petitioner, and after order of rendition by the Governor of this state made in compliance with the requisition.

The criminal complaint filed against the petitioner in Colorado states a public offense within the laws of that jurisdiction.

It is said in Scott on Extradition, at pages 98 and 99, that, as a proper basis for the issuance of a requisition for extradition by the Governor of a demanding state, a certificate of a district attorney or prosecutor of that state must show to the Governor, among other things: " . . . (i) If the offense charged is not of recent occurrence, a satisfactory reason must be given for the delay in making the application." This language is of interest here for the reason that petitioner departed from Colorado on December 7 or 8, 1927, and that he has never again been in that state, that he arrived in California on December 27, 1927, where he has resided continually since, and that criminal complaint was never filed against him in Colorado until November 28, 1930.

■ If the rule stated by Scott is a correct one—and we do not pause to consider whether or not it is—it is met by evidence presented at the hearing held after return to the writ of *habeas corpus* heretofore issued by us. An affidavit presented to the Governor of Colorado by a district attorney, for the purpose of procuring the issuance of the requisition afterward issued, contains the averment that shortly after committing the offense with which he is charged petitioner fled from Colorado, and "that thereupon great diligence was used to find said fugitive, and he has just been located, arrested and held" in California.

■ It is contended that before rendition could have been ordered by the Governor of California a criminal complaint, filed in Colorado, should have been presented to him containing an allegation excusing the long delay in the presentation to the Colorado courts of a charge against petitioner. No authority is cited to uphold this contention and we are satisfied that it is without merit.

■ It is also insisted that before a rendition may be made of one charged with crime in another state the Governor and courts of the asylum state must be satisfied that there is good reason for long delay in making the charge against the person whose rendition is sought. Without

inquiring whether this rule applies to both the Governor and the courts, or in truth, whether it applies to either, we are satisfied that in the present instance a sufficient excuse for the delay appears in the various papers going to make up the requisition. Among these papers was the affidavit of the Colorado district attorney, already mentioned. The charge against petitioner was for failure to provide for his minor child under a decree of divorce requiring him so to do. Among the papers submitted to the Governor of California was an affidavit made by the complaining witness, the former wife of petitioner and the mother of the minor child in question. It is averred in the affidavit: "Affiant ... . says that after diligent search she has just learned that the said Lester E. Norquist is under arrest in the city of Los Angeles, State of California . . . " The same language occurs in an affidavit, part of the record before the Governor of this state, which was made by an adult daughter of petitioner and of his former wife.

Other points are made by petitioner, but we are satisfied they are without merit.

We think the order of rendition was properly made by the Governor.

Writ discharged. Petitioner remanded to custody.

Craig, J., and Thompson (Ira. F.), J., concurred.